JUSTICE LEAPHART
dissenting.
¶34 I dissent. The District Court erred in concluding that Dayberry needed to call an expert on pool design and construction in order to establish a prima facie case of liability. Dayberry relies on the provisions of the ARMs as establishing maximum diving board lengths for pools of given depths. This Court erroneously concludes that, since the ARMs in question were adopted in 1985, some thirteen years after this pool was constructed, they have no application to the incident in question. Obviously, the Court is correct that 1985 ARMs have no application to the construction of the pool in 1972. However, that is not to say that the safety standards established in the 1985 ARMs do not have relevance to the question of whether there is a duty to warn of unsafe conditions in a grandfathered pool. Indeed, § 50-53-107(1), MCA, imposes an on-going requirement that public swimming pools be healthful and safe. The ARMs clearly are relevant to the question of what pool and board dimensions are deemed by the State of Montana to be “safe.”
¶35 The pool in question was nine feet deep and had a fourteen-foot diving board. Rule 16.10.1506(g), ARM (1985), provides that “[sjwimming pools having diving equipment shall be designed and provide for a minimum water depth as called for in Table 1 and Diagram 1, copies of which follow this rule and by this reference are *309 made a part hereof.” Table 1 clearly provides that a pool with a depth of nine feet shall have a diving board with a “maximum” length of twelve feet. The Court relies on Rule 16.10.1309, ARM, which was in existence in 1972 and has not been explicitly repealed. That section provides that if the height of the diving board is less than two meters, the minimum depth of the water under the end of the board must be eight and one-half feet. As the District Court noted, at forty-two inches high, the board in question was less than two meters. However, to the extent Rule 16.10.1309, ARM, is inconsistent with the subsequently passed Rule 16.10.1506, ARM, it is impliedly repealed. Burnt Fork Citizens Coalition v. Board of County Comm’rs (1997), 287 Mont. 43, 951 P.2d 1020 (where differences between statutes exist, the earlier may be impliedly repealed by the later one if they are plainly and irreconcilably repugnant to or in conflict with each other). Here, Rule 16.10.1309, ARM (1972), allows for a pool of eight and one-half feet depth to accommodate a diving board forty-two inches over the water. This is irreconcilably in conflict with the 1985 ARM which requires that a pool of nine feet depth can have a diving board of no more than twelve feet in length at no more than thirty inches height over the water. The earlier 1972 ARM was impliedly repealed by the more exacting 1985 ARM on the same subject.
¶36 Dayberry did not need to produce an expert to establish a standard of conduct to which the City must conform. Jurors do not need an expert to conclude that, at fourteen feet in length, the board in question exceeded the safety standard established by the State of Montana through the adoption of the 1985 ARMs. Contrary to the Court’s suggestion, Dayberry is not contending that the 1985 ARM required the City to “remodel existing pools.” Rather, with the adoption of Rule 16.10.1506(g), ARM, the City clearly had a duty to. either (1) warn swimmers of the dangerous condition, (2) remove the diving board entirely, or (3) replace the fourteen-foot board with a board no longer than twelve feet, at no more than thirty inches over the water.
¶37 I would reverse the grant of summary judgment for the City and allow Dayberry’s case to proceed.
JUSTICE REGNIER joins in the dissent of JUSTICE LEAPHART.